# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA TURNER,<br><br>  Plaintiff,<br><br>  v.<br><br>MARTIN O'MALLEY,<br>Commissioner of Social Security,<br><br>  Defendant. | Case No. CV 24-5507-MRA(E)<br><br>ORDER ACCEPTING FINDINGS,<br>CONCLUSIONS AND RECOMMENDATIONS<br>OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. section 636, the Court has reviewed the First Amended Complaint, all of the records herein and the attached Report and Recommendation of United States Magistrate Judge. Further, the Court has engaged in a *de novo* review of those portions of the Report and Recommendation to which any objections have been made.

The Report and Recommendation ("Report") recommends the dismissal of this action without prejudice because Plaintiff's claims are still pending before the agency. (ECF No. 31.) Plaintiff's response to the Report (ECF No. 32), liberally construed as objections, do not warrant a change to the Report's findings or recommendations.

Plaintiff "seeks immediate action" by this Court regarding her claims for benefits.

1  (ECF No. 32 at 1.)  As the Report found, however, Plaintiff is not entitled to mandamus
2  relief because her "claims are not clear or certain, and there is no showing that the
3  [Social Security Administration] violated a plainly proscribed, nondiscretionary duty.
4  Further, the administrative review of Plaintiff's claims (as to which there is no deadline
5  for completion) is ongoing and, thus, Plaintiff has not exhausted her administrative
6  remedies."  (ECF No. 31 at 7.)
7       Plaintiff relatedly argues that, despite her compliance with agency requirements,
8  she has been met with "unnecessary delays" and "lack of action," which have caused
9  hardship.  (ECF No. 32 at 2-3.)  As the Report found, however, federal courts cannot
10 properly impose mandatory deadlines for the Social Security Administration to act on
11 disputed claims.  (ECF No. 31 at 7 (citing *Heckler v. Day*, 467 U.S. 104, 117-19 (1984)).
12      Plaintiff argues that she is entitled to "benefits and retroactive benefits following
13 the favorable [resolution] of her case."  (ECF No. 32 at 4.)  As the Report found,
14 however, there is no final agency resolution to review because these claims are still
15 before the agency.  (ECF No. 31 at 5.)  "Because Plaintiff has not completed the four-
16 step review process, she is not entitled to judicial review."  (*Id*. (citing authorities)).
17      The Court accepts and adopts the Magistrate Judge's Report and
18 Recommendation.
19      IT IS ORDERED that:  (1) Defendant's Motion to Dismiss is granted; (2) the First
20 Amended Complaint is dismissed without leave to amend and without prejudice; and (3)
21 Judgment shall be entered accordingly.
22      IT IS FURTHER ORDERED that the Clerk serve forthwith a copy of this Order
23 and the Judgment of this date on Plaintiff and counsel for Defendant.
24      DATED: March 25, 2025.

                                              _____
                                              MONICA RAMIREZ ALMADANI
                                              UNITED STATES DISTRICT JUDGE